GEORGIA CONSTRUCTION & LOAN CO. *v.* GAERTNER
*et al.*

No. 9930. September 19, 1934.

*George G. Finch,* for plaintiff.
*J. Mallory Hunt* and *McElreath & Scott,* for defendants.

BECK, P. J. Under the original petition this case was a complaint for land and for mesne profits, brought by Georgia Construction and Loan Company against H. J. Gaertner and his wife, Nell J. Gaertner. By amendments it was alleged that owing to the complexity of the case the property might be involved in litigation for a period of years; that the Gaertners would be unable to respond to such judgment as was originally prayed; and that it was necessary that a court of equity take jurisdiction and appoint a receiver to collect the rents. It was prayed that the court grant this and such other relief as it saw fit. The petition and amendments contain the following allegations: The Gaertners, residents of DeKalb County, are in possession of the land described. Mrs. Gaertner was the owner of this property on June 1, 1928. On that date she and her husband executed a loan deed to a named bank, encumbering the property in the amount of $2500, both thus having full knowledge of the contents of such loan deed. Mrs. Gaertner executed a warranty deed to the property to Mrs. Nannie B. Slay, subject to the loan of $2500, and this was done with the full knowledge of H. J. Gaertner. Mrs. Slay executed to Nell J. Gaertner a loan deed to the property to secure the payment of a note for $7100, and the contents of this deed are peculiarly within

the knowledge of the Gaertners, who accepted and caused it to be recorded. On August 14, 1930, Mrs. Slay conveyed the land to S. D. Brown, subject to the outstanding encumbrances aforesaid; and the terms and conditions of this deed are within the knowledge of the defendants. It was recorded in DeKalb County (date not stated). On August 14, 1930, Brown executed a note for $150, and to secure it executed a loan deed covering the same property to E. B. Slay, subject to prior loans. This deed was recorded on January 10, 1933. On April 14, 1931, E. B. Slay, in consideration of $150, conveyed all his right, title, and interest in the property to the plaintiff. This conveyance was recorded on January 10, 1933. On June 3, 1931, S. D. Brown executed to Nell J. Gaertner a quitclaim deed covering the property, and this is peculiarly within the knowledge of the Gaertners, they having accepted the deed and caused it to be recorded on June 4, 1931. They have actual and constructive knowledge of this quitclaim deed, it being in their chain of title. The loan deed in favor of Nell J. Gaertner, placed on the property by Nannie B. Slay, was by this quitclaim deed merged, it being a rule of law that a person can not hold a lien on their own property; so that the equitable and legal title, it is alleged, were thereby merged.

On February 15, 1932, Nell J. Gaertner executed a deed conveying the property to H. J. Gaertner, subject to a loan of $2500 hereinbefore mentioned; and the defendants have actual and constructive knowledge of the deeds and are fully acquainted with the same. No order of the superior court was taken, allowing the transfer by Nell J. Gaertner to her husband, as required by the Civil Code, § 3009. On January 13, 20, and 27, and on February 3, 1933, the petitioner caused to be advertised in the Lithonia Journal, published in DeKalb County and having a general circulation, a notice of contemplated sale under the power contained in the deed from S. D. Brown to E. B. Slay and transferred by Slay to petitioner. The advertisement was pursuant to the authority contained in the loan deed; and the sale was made by plaintiff to itself (it being the highest and best bidder) before the court-house door in the usual and lawful manner, and as recited in the advertisement it would be, and the sale was subject to an outstanding indebtedness of $2500. At the time Gaertner took from S. D. Brown the quitclaim deed of June 3, 1931, the defend-

ants had knowledge of the contents, nature, and existence of the loan deed from Brown to Slay, and H. J. Gaertner, who holds by reason of the deed from his wife, had full knowledge of the contents of all outstanding recorded and unrecorded deeds above referred to, and had made a small offer of settlement and discussed the same with C. J. Camp and E. B. Slay. Both defendants are actually in possession of the property. Their possession is not superior to the right of petitioner. They are fully acquainted with the contents, nature, terms, stipulations, etc., of the loan deed of $2500 in favor of Georgia Savings Bank, it having been executed by them. A reasonable rental of the property in question is $75 per month. Petitioner prays for appointment of a receiver to collect the rents; and that it have judgment for the land.

The defendants filed a general demurrer, which was sustained, and the petition dismissed. The plaintiff excepted.

The plaintiff foreclosed a security deed which it held through successive transfers from Brown to Slay and from Slay to petitioners; and the allegations are not sufficient to show that Mrs. Gaertner had actual notice of the existence of the security deed when she acquired title from Brown, who had the legal title when he conveyed to her; nor was there constructive notice, as the plaintiff's deed and that of its predecessor in title were not recorded until after Mrs. Gaertner acquired title. Even if her husband did not acquire any title to the property under the deed to him by her, which was executed without an order of the superior court, the plaintiff must recover on the strength of its own title. If the deed from Mrs. Gaertner to her husband be ineffectual, it leaves in her a title which is superior to any right shown by the petition to be in the plaintiff. In view of this ruling, the court did not err in sustaining the general demurrer.

*Judgment affirmed. All the Justices concur, except Hutcheson, J., disqualified.*